UNITED STATES of America, Appellee,

v.

Francisco REYES, Defendant–Appellant.

No. 99–1609.

United States Court of Appeals, Second Circuit.

Feb. 26, 2001.

Telesforo Del Valle Jr., N.Y., NY, for appellant.

Robert C. Juman, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present JOHN M. WALKER, Jr., Chief Judge, KEARSE and CARDAMONE, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was submitted. Counsel for defendant Francisco Reyes has moved pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), to be relieved as counsel on the ground that the record discloses no nonfrivolous issues for appeal. The government has moved for summary affirmance. Reyes has filed a supplemental *pro se* brief, arguing that pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he was entitled to have the quantity of cocaine on which his sentence was based under the Sentencing Guidelines ("Guidelines") determined beyond a reasonable doubt by a jury.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that counsel's motion to be relieved pursuant to *Anders v. California* is granted, and the government's motion for summary affirmance is granted, on the ground that the record discloses no nonfrivolous issues for appeal. A question of fact that affects a defendant's Guidelines sentencing range only below a statutory maximum, and has no bearing on sentencing above a statutory maximum, and does not trigger a mandatory minimum, is a question to be decided by the sentencing judge, without need for a jury determination. *See United States v. Garcia*, 2001 WL 167018, at *4 (2d Cir. Feb.20, 2001). Since the sentence imposed on Reyes was below the statutory maximum, and the quantity of narcotics found by the district court did not trigger a mandatory minimum, *Apprendi* is inapplicable.

We have considered all of Reyes's arguments and have found in them no colorable merit. The judgment of conviction is affirmed.